DORWIN, Appellant, vs. LAUGHLIN, Respondent.

*April 17—May 8, 1903.*

*Dissolution of partnership: Assumption of indebtedness: Extent of liability.*

A contract of dissolution of a copartnership providing that the partner continuing the business "was to assume and pay all indebtedness owing by said firm for goods, wares, and merchandise purchased by said firm, to be sold by said firm from their store in M. in the usual course of trade," imposed no liability upon such partner to pay a judgment thereafter obtained against the members of the firm for damages for breach of warranty of title to logs previously sold by the firm as a transaction separate and distinct from its general business, for which breach no claim had been made at the time of the dissolution.

APPEAL from a judgment of the circuit court for Vilas county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Plaintiff and defendant were copartners doing a mercantile business at Minocqua, the copartnership beginning in September, 1891, and continuing until November 9, 1894, at which time it was dissolved by mutual consent, *Mr. Laughlin* continuing the business. The court found, upon the evidence produced, that *T. I. Laughlin* was to collect in the outstanding indebtedness due said firm, and assume and pay all indebtedness owing by said firm for goods, wares, and merchandise bought for their business at their store in Minocqua; that prior to such dissolution the firm had sold certain logs, purchased from one George Weldon, to the Lake Shore Lumber Company, warranting title thereto; that after such dissolution the United States made a claim for a portion of such timber, and recovered judgment against the Lake Shore Lumber Company for the value of a part of this timber which had been cut on government lands, amounting to $949.05; that the defense in said action was tendered to the members of said firm, which they refused to assume. Thereafter the Lake

Shore Lumber Company recovered a judgment for the amount awarded in favor of the United States and against the members of said firm, amounting to $1,561.31. *Dorwin* paid $800 on this judgment, and procured an individual release from the same. He brings this action to recover the $800, asserting that by the contract of dissolution *Laughlin* became obligated therefor, as well as all other claims of the firm. The court determined that under the agreement of dissolution *Laughlin* did not assume this claim, but that each partner was liable for one half of the amount due the Lake Shore Lumber Company on account of the failure of title to the logs sold them and the expenses incurred in defense of the action, and awarded judgment for the balance in favor of the defendant upon his counterclaim, amounting to $234.20.

*A. W. Shelton*, for the appellant.

*John Barnes*, for the respondent.

SIEBECKER, J. Two questions are presented by the record on this appeal: (1) Did the trial court correctly find the provisions of the contract of dissolution of copartnership? and (2) Was the defendant lawfully bound, under the provisions of the contract so found, to pay the claim of the Lake Shore Lumber Company?

An examination of the evidence discloses a sharp conflict between the parties as to the provisions of the contract for dissolution of the copartnership. Several instruments, conflicting in their provisions, were produced in evidence before the court bearing upon the subject, appellant insisting that one of such instruments embodied the terms of the contract, while respondent claimed that another instrument so produced expressed the terms of their partnership dissolution. This presented an issue of fact to be determined by the trial court upon the evidence. The court found, among other things, specifically, that the defendant *Laughlin* "was to assume and pay all indebtedness owing by said firm for goods, wares, and

merchandise purchased by said firm, to be sold by said firm from their store in Minocqua in the usual course of trade;" and found further that *"Laughlin* did not assume or agree to pay any obligation of the firm of Laughlin & Dorwin for or on account of any logging or log transaction in which said firm was engaged." These conclusions of the court are so well established by the testimony as to preclude the inquiry whether such findings are against the clear preponderance of the evidence.

We cannot seriously question what the meaning and scope of this contract is when applied to the situation of the parties. They were engaged in a general merchandise business. The transaction with the Lake Shore Lumber Company was different in character and stood as a separate and distinct undertaking from its general business. The claim of the Lake Shore Lumber Company was for damages on a warranty of title to logs sold them by the firm. It had made no claim at the time of dissolution of the firm, so that neither partner could have had such a claim in contemplation when the agreement of dissolution was made. We must hold that the facts and circumstances upon which the parties acted, and the very language of the agreement upon which appellant seeks to charge the respondent, negative the claim that respondent assumed to pay the judgment thereafter obtained against the firm, which arose out of the liability to the Lake Shore Lumber Company upon this specified sale of logs.

It is further claimed that the court erred in allowing respondent to recover on his counterclaim against the appellant an item of house rent. The evidence bearing on this item supports the court's conclusion. No other questions are presented by the record.

*By the Court.*—Judgment affirmed.